# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:19-cr-87 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| DAZZELL HAWKINS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Dazzell Hawkins ("Hawkins") for bond pending sentencing. (Doc. No. 35 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 36 ["Opp'n"].) For the reasons that follow, Hawkins' motion is DENIED.

## I. BACKGROUND

On January 22, 2019, Hawkins was charged with one count of using a communication device to willfully convey threatening information, in violation of 18 U.S.C. §§ 844(e). (Doc. No. 1 [Complaint].; *see* Doc. No. 11 [Indictment].) The activity underlying the charge involved Hawkins leaving a voicemail message on the phone of an employee at the Canton branch of the Social Security Administration threatening to blow up the building. (Opp'n at 152.) Hawkins waived his right to a detention hearing and consented to being held without bail pursuant to 18 U.S.C. § 3142, but reserved "the right to revisit the issue of a detention hearing at a later time." (Doc. No. 7 (Waiver/Order of Detention ["Waiver"]) at 17.)

On November 25, 2019, pursuant to a plea agreement, Hawkins entered a guilty plea to the charged offense. (11-25-2019 Minutes; Doc. No. 31 [Plea Agreement].) Hawkins is detained at the Northeast Ohio Correctional Center ("NEOCC") and is scheduled to be sentenced on June 5, 2020.

## II. DISCUSSION

On April 7, 2020, Hawkins filed the present motion in which he seeks "release on bond pending his sentencing hearing[.]" (Mot. at 148.) He posits that "the current COVID-19 pandemic presents 'exceptional reasons' why his detention pending sentencing is not appropriate." (*Id*.) According to Hawkins, "[t]he conditions in jails do not allow for a vulnerable inmate to take the recommended preventive actions and create an ideal environment for the transmission of contagious disease." (*Id*. at 149.)

Release pending sentencing, as relevant here, is governed by 18 U.S.C. 3143, which requires that a court detain a person found guilty of certain felony crimes pending sentencing, absent certain narrow exceptions. *See, e.g., United States v. Harris*, No. 19-356, 2020 WL 1503444 (D.D.C. Mar. 27, 2020) (evaluating motion for immediate release due to COVID-19 of defendant awaiting sentencing under § 3143). Under 18 U.S.C. § 3143(a)(2), if a defendant is convicted of a crime of violence, the Court must order the defendant detained. Detainment is mandatory unless (1) there is "a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed" and (2) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2). Here, Hawkins concedes that he was subject to mandatory detention, the Court is unaware of any basis for which a motion for a new trial or judgment of acquittal could be granted, and the government

is recommending a term of imprisonment. (*See generally* Plea Agreement.) Once detained in accordance with § 3143(a)(2), an exception contained in § 3145(c) allows release pending sentencing or appeal "under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate" and the defendant poses no risk of flight. 18 U.S.C. § 3145(c) (emphasis added).

The Court finds that Hawkins is unable to satisfy either requirement for release. "Exceptional reasons" permitting the release of a defendant subject to mandatory detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). There is no dispute that COVID-19 presents serious ongoing concerns for millions of people, especially those with certain underlying medical conditions. It is for this reason that some courts have determined that the heightened threat posed by COVID-19 to an inmate with a documented risk factor in a detention facility with confirmed cases of COVID-19 presents a "unique combination of circumstances" that meets the "exceptional circumstances" requirement. *See, e.g., United States v. McKenzie*, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at \*3 (S.D.N.Y. Mar. 30, 2020) (inmate awaiting sentencing in a facility with an outbreak of COVID-19, who had previously been released on bond prior to entering a guilty plea and had a documented respiratory condition, established "exceptional circumstances" to justify his temporary release. But Hawkins does not allege that he suffers from a serious health condition which places him at a higher risk for contracting the COVID-19, and he only argues that the virus poses a risk to him and the prison community in general. (*See* Mot. at 149-50.) As set forth in the government's response, U.S. Marshals Service has taken extraordinary measures to limit the threat posed by COVID-19. These preventive measures include: (1) aggressive screening, isolation, and treatment of

suspected cases of the virus; (2) the placement of limitations on prisoner movements within facilities; and (3) the institution of procedures for staff to call-off and obtain medical care if exhibiting symptoms to avoid exposure to inmates. (Opp'n at 155-56.) Hawkins' institution has also taken several safety following measures to stop the spread of the virus. (*Id*. at 156-57.) While the Court is sympathetic to Hawkins' general concern about the COVID-19 virus, "speculation about future conditions does not constitute a 'compelling reason' for temporary release." *See United States v. Bastianelli*, No. 17-305, 2020 WL 1493559, at *1 (W.D. Pa Mar. 27, 2020) (collecting cases denying requests for temporary release due to generalized concerns about COVID-19).

Additionally, given Hawkins' extensive criminal history—which includes aggravated robbery, assault, domestic violence, obstruction of official business, weapons possession, drug trafficking, and escape—and his admitted use of illegal drugs, the Court is far from convinced that Hawkins would remain compliant on temporary release. (Doc. No. 33 [Presentence Investigation Report (Final) ("PSR")] at 127-34, 136.) "A defendant who is unable to comply with conditions of release poses potential risk to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if that individual is taken back into custody." *Clark*, 2020 WL 1446895, at *7. Courts have found that the increased burden on pretrial services to monitor high-risk prisoners on home detention during this national crisis, as well as the likely risk to law enforcement who would have to take a non-compliant home detainee back into custody, also weigh in favor of denying motions for temporary release. *See, e.g., United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *4 (D. Md. Mar. 17, 2020) (denying request for release due to COVID-19, noting that location monitoring puts

pretrial services officers at risk); *United States v. Aiad-Toss*, No. 4:19-cr-00521, 2020 WL 1514482 (N.D. Ohio Mar. 30, 2020) (observing that "releasing . . . to home detention and electronic monitoring creates its own risks and undue burden on pretrial services").

Finally, notwithstanding the COVID-19 pandemic, Hawkins remains a flight risk and a risk of danger to others and the community. *See United States v. Wages*, 271 F. App'x 726, 728 (10th Cir. 2008) (recognizing that "it is a rare case in which health conditions present an 'exceptional reason'" to allow for release where otherwise detention would be warranted). In addition to a substantial prior criminal history, Hawkins was also charged in 2011 with being a fugitive from justice. (PSR at 135.) These facts, coupled with the serious nature of the present charge and Hawkins' admitted use of illegal drugs, compel the Court to find that Hawkins continues to be a flight risk and a risk to the safety of the community. While the Court acknowledges that Hawkins has already served a significant portion of any sentence that he will receive, the Court finds that the balance of the relevant factors still favors detention. Accordingly, he is not entitled to temporary release under §§ 3143, 3145(c).

### III. CONCLUSION

For all the foregoing reasons, as well as the reasons set forth in the government's response opposing the motion, Hawkins' motion for bond pending sentencing is DENIED.

**IT IS SO ORDERED**.

Dated: April 13, 2020

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**